IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kris Kers Dimitrov,<br>          Petitioner,<br>vs.<br>Dora B. Schriro, et al.,<br>          Respondents. | No. CV 07-0089-PHX-JWS (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner, Kris Kers Dimitrov, who is presently confined in the Echo Unit of the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), a supplement to the Petition (Doc. No. 3), Respondents' Response to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 13), and Petitioner's Reply (Doc. No. 16). In addition, Petitioner filed a motion to add a new claim[1] to his Petition (Doc. No. 15); Respondents filed an opposition to that motion (Doc. No. 17) and Petitioner replied. (Doc. No. 18.) The Magistrate Judge

---

[1] Although it appears to be a motion to add a claim to the Petition, the Motion is inexplicably captioned "Rule 47 Motions and Supporting Affidavits."

1  recommends that the District Court deny the Petition and deny Petitioner's motion to add a
2  new claim.

### FACTUAL AND PROCEDURAL BACKGROUND

4  On July 21, 2000, the Maricopa County Grand Jury indicted Petitioner on one count
5  of aggravated assault and one count of endangerment. (Answer, Ex. A.) The State alleged
6  that Petitioner had committed the offenses while on probation for two prior felony
7  convictions. (Answer, Exs. B & C.) On March 21, 2001, Petitioner was convicted on both
8  counts. (Answer, Ex. G.) The trial court sentenced Petitioner to the presumptive terms of
9  imprisonment for each of the two crimes: 10.5 years for the aggravated assault conviction,
10 and 2.25 years for the endangerment conviction, with both sentences to run concurrently.
11 (Answer, Ex. K.) In addition, the trial court revoked Petitioner's probation on the prior
12 felonies and sentenced him to an additional 2-year term, to run consecutively to the prison
13 terms in the current case. (Answer, Ex. K.)

14 On July 19, 2001, Petitioner appealed his conviction, raising one issue: whether he
15 was denied a fair trial when, during closing argument, the prosecutor impermissibly
16 commented on Petitioner's failure to testify. (Answer, Ex. N.) The Arizona Court of Appeals
17 affirmed Petitioner's conviction on December 24, 2001. (Answer, Ex. O.) Petitioner filed
18 a petition for review by the Arizona Supreme Court; the Arizona Supreme Court summarily
19 denied review on July 16, 2002. (Answer, Ex. R; Petition, Ex. B.)

20 On June 25, 2002, Petitioner filed a notice of post-conviction relief. (Answer, Ex. S.)
21 After his court-appointed counsel filed a notice of completion stating that he was unable to
22 raise any viable issues on Petitioner's behalf, Petitioner filed a *pro se* petition for post-
23 conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("First Rule 32 Petition"), raising
24 seven claims for relief: (1) Petitioner's appellate counsel was ineffective for failing to raise
25 meritorious issues on appeal, (2) Petitioner was denied his constitutional right to a 12-person
26 jury, (3) Petitioner's constitutional right to due process and a fair trial was violated when the
27 court improperly permitted the jury to convict him on two offenses in a single count, (4)

28

1  Petitioner's right to due process and a fair trial was violated when a non-qualified juror was
2  permitted to deliberate the verdicts, (5) Petitioner was improperly sentenced pursuant to
3  A.R.S. § 13-604.02, (6) the trial court's sentencing minute entry incorrectly stated that
4  Petitioner violated A.R.S. § 13-604.01, (7) Petitioner's trial counsel was ineffective because
5  he: (a) failed to inform Petitioner of his constitutional right to a 12-person jury, (b) failed to
6  object to Petitioner being tried by an 8-person jury, (c) failed to object to the improper jury
7  instruction that permitted Petitioner to be convicted on two offenses in a single count, (d)
8  failed to object to a non-qualified juror deliberating the verdict, (e) failed to object to the
9  court sentencing Petitioner pursuant to A.R.S. § 13-604.02, and (f) failed to object to the
10 error in the trial court's sentencing minute entry. (Answer, Ex. W.) On July 14, 2003, the
11 trial court corrected the clerical error in its sentencing minute entry but otherwise dismissed
12 Petitioner's Rule 32 petition. (Answer, Ex. AA.)

13       On August 19, 2003, Petitioner filed a *pro se* petition for review by the Arizona Court
14 of Appeals, in which he presented three claims: (1) Petitioner was denied his constitutional
15 right to a 12-person jury, (2) Petitioner's constitutional right to due process and a fair trial
16 was violated when the court improperly permitted the jury to convict him on two offenses
17 in a single count, and (3) Petitioner's trial and appellate counsel were ineffective because they
18 failed to request a 12-person jury, and failed to object to the improper jury instruction that
19 permitted Petitioner to be convicted on two offenses in a single count. The Arizona Court
20 of Appeals summarily denied review on August 4, 2004. (Answer, Ex. FF.) Petitioner
21 petitioned for review by the Arizona Supreme Court (Answer, Ex. GG); the Supreme Court
22 denied review on February 14, 2005. (Petition, Ex. F.)

23       On October 18, 2004, Petitioner filed a petition for special action in the Arizona Court
24 of Appeals, in which he raised one claim: the trial court abused its discretion when the jury
25 was improperly instructed on the charge of aggravated assault. (Answer, Ex. HH.)

26       On February 16, 2005, Petitioner filed a second petition for post-conviction relief
27 pursuant to Rule 32 ("Second Rule 32 Petition"). (Answer, Ex. II.) In his Second Rule 32

28

1  Petition, Petitioner presented two claims: (1) Petitioner's trial counsel was ineffective for
2  failing to request a jury instruction that aggravated assault with a deadly weapon is a
3  specific-intent crime, and (2) Petitioner's appellate counsel was ineffective for failing to raise
4  this issue on direct review. (Answer, Ex. II.) The trial court dismissed the Second Rule 32
5  Petition pursuant to Rule 32.2(a), because Petitioner had raised claims of ineffective
6  assistance of counsel in his First Rule 32 Petition. (Answer, Ex. JJ.) The Arizona Court of
7  Appeals summarily denied review on January 6, 2006. (Answer, Ex. KK; Petition, Ex. H.)

On January 10, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. In his Petition, Petitioner presents three claims of ineffective assistance of counsel:

**Ground 1:** Trial counsel failed to request a specific jury instruction on the aggravated assault charge;

**Ground 2:** Petitioner was represented by one attorney during arraignment and a different attorney during trial and sentencing; and

**Ground 3:** Trial counsel did not file an appeal on Petitioner's behalf; instead the appeal was filed by a different defense attorney. (Doc. No. 1.)

Also on January 10, 2007, Petitioner filed a pleading that was captioned "Motion to Stay," but that the Court subsequently recognized as a supplement to the Petition. (Doc. Nos. 3 & 12.) The supplement presents eight additional claims:

**Ground 4:** Petitioner's blood was drawn for DUI testing without his consent in violation of his due process rights;

**Ground 5:** Trial counsel was ineffective for failing to object to the introduction of Petitioner's blood alcohol level into evidence;

**Ground 6:** Petitioner's due process rights were violated when the jury was not instructed to consider the effects of "intoxification";

**Ground 7:** Petitioner's *Miranda* rights were violated;

**Ground 8:** The jury selection took only 85 minutes, which violated Petitioner's due process rights;

- 4 -

**Ground 9:** Petitioner's trial counsel was ineffective for failing to move for a mistrial after one juror commented that Petitioner "should have just signed his f-ing plea";

**Ground 10:** The court illegally coerced a juror into serving in violation of Petitioner's due process rights; and

**Ground 11:** Petitioner's rights under the Speedy Trial Act were violated.

On May 8, 2007, Petitioner filed a motion to add one additional claim to his federal petition:

**Ground 12:** Petitioner received ineffective assistance of counsel when his trial counsel failed to obtain the grand jury transcripts to review for violation of Petitioner's rights.

## **DISCUSSION**

The Magistrate recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies with respect to all 12 claims presented.

**A.  Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them in state court, either through a direct appeal or collateral proceedings, before a federal court will consider the

- 5 -

1 merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A
2 petitioner must have also presented his claim in a procedural context in which its merits will
3 be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded
4 from federal review on exhaustion grounds in either of two ways. First, a claim may be
5 procedurally defaulted in federal court if it was actually raised in state court but found by that
6 court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722,
7 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the
8 petitioner failed to present the claim in a necessary state court and "the court to which the
9 petitioner would be required to present his claims in order to meet the exhaustion
10 requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner
11 has procedurally defaulted a claim in state court, a federal court will not review the claim
12 unless the petitioner shows "cause and prejudice" for the failure to present the constitutional
13 issue to the state court, or makes a colorable showing of actual innocence. *See Gray v.*
14 *Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray*
15 *v. Carrier*, 477 U.S. 478, 485 (1986).

**B.     Ground 1**

Petitioner presented Ground 1 in his Second Rule 32 Petition and in his petition for review to the Arizona Court of Appeals. The trial court declined to address the claim, however, because, pursuant to Rule 32.2(a), Petitioner could have raised those claims in his First Rule 32 Petition. (Answer, Ex. JJ.) Thus, Ground 1 was not exhausted because Petition did not present it in a procedural context in which its merits could be considered. *See Castille*, 489 U.S. at 351.

**C.     Grounds 2-11**

Petitioner did not present Grounds 2-11 in state court, and he cannot raise them for the first time in federal court. Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Grounds 2 -11 in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b);

1  32.1(d)-(h). Thus, Grounds 2-11 are technically exhausted but procedurally defaulted, absent
2  a showing of cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501
3  U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*,
4  979 F.2d 746, 749 (9th Cir. 1992). "Cause" is a legitimate excuse for the default, and
5  "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v.*
6  *Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984). Petitioner has not presented any arguments
7  in his Petition, reply or supplement which constitute a showing of cause and prejudice or a
8  fundamental miscarriage of justice. Petitioner argues in his Reply that he was unable to
9  exhaust his state court remedies because his prison law library is inadequate and prisoners
10 are granted only limited time in the law library. Petitioner's pleadings, however, reflect
11 adequate access to and use of legal materials. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th
12 Cir. 1991). Accordingly, Petitioner is not entitled to relief on Grounds 1-11.

13 **C.     Ground 12**

14      Respondents argue that Ground 12 was not timely. The Court need not consider this
15 argument, however, because even if it were timely filed, Ground 12 was not properly
16 exhausted. Petitioner did not present Ground 12 in state court, and cannot raise it for the first
17 time in federal court. Petitioner is now precluded by Arizona Rules of Criminal Procedure
18 32.2(a)(3) and 32.4 from obtaining relief on Ground 12 in state court absent an applicable
19 exception. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Of these exceptions, the only one
20 which arguably applies is 32.1(e)'s exception for newly discovered material facts. *See Ortiz*
21 *v. Stewart*, 149 F.3d at 923, 931 (1998) (stating that it is the role of the district court to
22 determine if a petitioner presently has a remedy available in state court). Petitioner contends
23 that he could not have raised Ground 12 earlier because he did not discover it until he
24 reviewed the State's response to his federal Petition, which states "the Maricopa County
25 Grand Jury indicted Petitioner on the following two counts . . . ." According to Petitioner,
26 it was only after reading that sentence that he began to wonder what happened at the grand
27 jury proceedings. (Doc. No. 18.) A sudden realization by Petitioner that he might have a

28

1 claim related to his grand jury proceedings is not, however, as the "discovery of new
2 evidence" contemplated by Rule 32.1(e).  Moreover, Petitioner has failed to articulate any
3 error committed during grand jury proceedings that, had it been noted by his trial counsel,
4 would have entitled him to relief.  Thus, Petitioner fails to satisfy Rule 32.1(e)'s requirement
5 that the newly discovered evidence "probably would have changed the verdict or sentence."

6      Accordingly, Ground 12 is technically exhausted but procedurally defaulted, absent
7 a showing of cause and prejudice or a fundamental miscarriage of justice.  *See Coleman*, 501
8 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas*, 979 F.2d at
9 749.  Petitioner has not presented any arguments in his Petition, reply or supplement which
10 constitute a showing of cause and prejudice or a fundamental miscarriage of justice.
11 Therefore, Petitioner is not entitled to relief on Ground 12.

## RECOMMENDATION

13      Based on the foregoing, the Magistrate Judge recommends that the District Court enter
14 an order DENYING the Petition for Writ of Habeas Corpus (Doc. No. 1) and DENYING
15 Petitioner's Motion to add a new claim.  (Doc. No. 15.)

16      Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
17 ten days of being served with a copy of the Report and Recommendation.  If objections are
18 not timely filed, they may be deemed waived. If objections are filed, the parties should use
19 the following case number: **CV 07-0089-PHX-JWS.**

20      The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner
21 and counsel for Respondents.

22      DATED this 29th day of June, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge

- 8 -